**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MITCHELL SMILEY,

            Petitioner - Appellant,

    v.

ROBERT J. HERNANDEZ, Warden,

            Respondent - Appellee.

No. 06-55727

D.C. No. CV-05-01230-NAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted April 13, 2007
Pasadena, California

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

    Mitchell Smiley, a California state prisoner, appeals from the district court's

denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.

Smiley alleges the California Board of Parole Hearings ("Board") violated his due

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

process rights in denying him parole in 2004. We have jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Smiley contends the Board's 2004 decision denying him parole fails the "some evidence" standard and should be set aside. When reviewing a § 2254 petition challenging denial of parole to a California state prisoner, we determine "whether the [state court] decision approving the [Board's] decision rejecting parole was an unreasonable application of the California 'some evidence' requirement, or was based on an unreasonable determination of the facts in light of the evidence." *Hayward v. Marshall*, 603 F.3d 546, 562–63 (9th Cir. 2010) (en banc) (internal citations and quotation marks omitted). Here, the Board's parole denial was based on the nature of Smiley's commitment offense, his pre-conviction record, his history of unstable relationships, and his extensive post-conviction record. The Board also considered Smiley's post-1996 disciplinary-free record, but, weighing this record against Smiley's "many years of violent behavior," ultimately concluded that "currently the positive aspects of behavior do not outweigh the factors of unsuitability." After our own review of the record, we cannot conclude that the California state court decision that affirmed the Board's

---

[1]We certify for appeal, on our own motion, the issue of whether the Board's 2004 decision denying parole violated due process. *See Hayward v. Marshall*, 603 F.3d 546, 554–55 (9th Cir. 2010) (en banc).

denial of parole and discussed the above aspects of the Board's decision was an unreasonable application of the "some evidence" standard or was based on an unreasonable determination of the facts in light of the evidence. *See id.*

Smiley also contends the Board's 2004 decision violates due process because the Board based its decision solely on the immutable facts of Smiley's commitment offense, prior juvenile record, and prison misconduct. We reject this argument because, under *Hayward*, such immutable facts may satisfy the "some evidence" standard. As we explained, although the commitment offense "does not, in every case, provide evidence that the inmate is a current threat to public safety," it may establish that the prisoner is currently dangerous if "the record also establishes that something in the prisoner's pre- or post-incarceration history . . . supports the inference of dangerousness." *Id.* at 562 (internal citations and quotation marks omitted). It was not unreasonable for the state court to conclude that Smiley's second degree murder conviction (involving the stabbing of a helpless and outnumbered victim for a trivial motive), his pre-incarceration record, and his post-incarceration record (consisting of 30 disciplinary violations between 1980 and 1996, some of which were violent) supported an inference of dangerousness.

**AFFIRMED.**

3